Precious Acupuncture Care, P.C., as Assignee of James Hough, Respondent,
against
Hereford Insurance Company, Appellant.




Law Office of Lawrence R. Miles (Thomas Wolf, Esq.), for appellant.
Law Offices of Ilona Finkelshteyn (Ilona Finkelshteyn, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered November 13, 2015, deemed from a judgment of that court entered February 16, 2016 (see CPLR 5501 [c]). The judgment, entered pursuant to the November 13, 2015 order granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $1,322.51.




ORDERED that the judgment is reversed, with $30 costs, the order entered November 13, 2015 is vacated, plaintiff's motion for summary judgment is denied and defendant's cross motion for summary judgment dismissing the complaint is granted. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff seeks the unpaid balance of five claims for services plaintiff rendered between December 2013 and April 2014. Plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that plaintiff sought to recover amounts which were in excess of the amounts permitted by the workers' compensation fee schedule. Defendant supported its cross motion with an affidavit by its certified medical coder and biller, which affidavit was sufficient to establish, prima facie, that defendant had fully paid the claims in accordance with the fee schedule. In opposition, plaintiff failed to raise a triable issue of fact, as plaintiff submitted only an affirmation by its counsel, who did not establish that she possessed [*2]personal knowledge of the facts. In an order entered November 13, 2015, the Civil Court held that defendant was precluded from interposing such a defense because defendant had failed to timely deny plaintiff's claims. As a result, the court granted plaintiff's motion and denied defendant's cross motion. 
As defendant argues, 11 NYCRR 65-3.8 (g) (1) (ii); (2) provides that, effective April 1, 2013, "no payment shall be due for [] claimed medical services under any circumstances . . . for those claimed medical service fees that exceed the charges permissible pursuant to Insurance Law sections 5108 (a) and (b) and the regulations promulgated thereunder for services rendered by medical providers." As the services at issue were provided between December 2013 and April 2014, defendant was not required to establish that it had timely denied the claims in order to preserve its fee schedule defense (see 11 NYCRR 65-3.8 [g] [1] [ii]; [2]). 
Accordingly, the judgment is reversed, the order entered November 13, 2015 is vacated, plaintiff's motion for summary judgment is denied and defendant's cross motion for summary judgment dismissing the complaint is granted.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 12, 2018